IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RETAIL LIQUOR ASSOCIATION )
OF OKLAHOMA, an Oklahoma )
non-profit corporation; and JOSEPH )
P. RICHARD, an individual, )
)
               Plaintiffs, )
)
v. ) Case No. CIV-17-49-C
)
OKLAHOMA ALCOHOLIC )
BEVERAGE LAWS ENFORCEMENT )
COMMISSION; and KEITH A. BURT, )
in his official capacity as Director of )
Oklahoma Alcoholic Beverage Laws )
Enforcement Commission, )
)
               Defendants. )

MEMORANDUM OPINION AND ORDER

This case was removed from the Oklahoma County District Court where Plaintiffs filed a Motion for Temporary Injunction (Dkt. No. 1-3) against the implementation of Article 28A, previously State Question 792, that Oklahoma voters approved by referendum on November 8, 2016. Article 28A repeals the Oklahoma Constitution's current liquor laws and enacts new laws effective on October 1, 2018. Defendants have responded and the Motion is now at issue.

The trial court may issue a preliminary injunction at its discretion, but, because an "injunction is an extraordinary remedy, the power to issue injunctions should be exercised sparingly and cautiously, and only in cases reasonably free from doubt." Loewen Grp. Acquisition Corp. v. Matthews, 2000 OK CIV APP 109, ¶ 12, 12 P.3d 977, 980 (citation

and internal quotation marks omitted). The Court should apply equitable principles in light of all circumstances. Dowell v. Pletcher, 2013 OK 50, ¶ 6, 304 P.3d 457, 460, as corrected (July 15, 2013) (citation omitted). To make a successful argument in favor of a preliminary injunction, a plaintiff must show that four factors weigh in favor of the injunction: "1) the likelihood of success on the merits; 2) irreparable harm to the party seeking injunction relief if the injunction is denied; 3) [the] threatened injury outweighs the injury the opposing party will suffer under the injunction; and 4) the injunction is in the public interest." Id. ¶ 7, 304 P.3d at 460 (citation omitted). The plaintiff must establish the right "by clear and convincing evidence and the nature of the injury must not be nominal, theoretical or speculative." Id. (citation omitted).

The Tenth Circuit places a heightened burden of persuasion on the plaintiff requesting one of the three types of disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004), aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006) (citation omitted). Here, Plaintiffs will be required to make a heightened showing because the injunctive request stating,

> Plaintiffs respectfully request that the Court enter an Order temporarily enjoining Defendants, their agents, servants, employees, assigns and all those persons, directly or indirectly, acting on their behalf, under their direction or control, and/or in active concert or participation with them, from taking any steps toward implementing any of the provisions of Article 28A

is the same relief a successful trial on the merits would afford Plaintiffs. (Pls.' Mot. for Temp. Inj., Dkt. No. 1-3, p. 17-18.)

The Court finds the Motion must be denied because Plaintiffs have not met either the clear and convincing burden or the heightened burden for the irreparable harm element. Plaintiffs argue the harm is that Article 28A is discriminatory and places Plaintiffs at a competitive disadvantage compared to grocers and convenience stores also selling alcoholic beverages. This inequitable competitive environment will threaten the viability of retail spirit licensees. While Plaintiffs allege pending harm, it does not rise to the level of severity required, nor do Plaintiffs offer sufficient evidence to show the competitive market will irreparably harm Plaintiffs before the resolution of this case and the pending implementation of Article 28A in late 2018. See Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1262 (10th Cir. 2004) (stating "case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial") (citation and internal quotation marks omitted).

Plaintiffs also argue Article 28A is unreasonable and overly burdensome in its restrictions, but do not specify which restrictions are currently causing injury. The claim that current liquor store owners "are being faced with decisions on whether their business can survive this discriminatory scheme, and at what cost" is a prime example of mere theoretical harm. (Pls.' Mot. for Temp. Inj., Dkt. No. 1-3, p. 15.) The fact that Plaintiffs and other business owners may participate in the procedural process currently underway to implement Article 28A also does not convince the Court that an injunction is necessary.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Temporary Injunction (Dkt. No. 1-3) is DENIED.

IT IS SO ORDERED this 17th day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge